Cecil Rhodes COX, trading as Cox and
Company, Appellant,

v.

Pauline V. DUNN, Appellee.

No. 2017.

Municipal Court of Appeals for the
District of Columbia.

Argued July 22, 1957.

Decided Oct. 23, 1957.

Herman Miller, Washington, D. C., for
appellant.

Pauline V. Dunn, appellee, pro se.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

A real estate agent sued her broker-employer to recover a share in the commission received by him from the sale of certain real estate. Trial was without a jury, judgment was for the agent, and the broker appeals.

The facts, largely undisputed, were that the agent and a fellow agent secured the listing of the property for sale; the agent thereafter secured a written offer to purchase which the owners accepted. Before settlement of the contract the agent left the broker's employment and, according to her, was assured by the broker's office manager that she would be paid her commission for obtaining the listing and selling the property. The contract secured by the agent was contingent on the purchasers obtaining an FHA loan, and when it was discovered this could not be done the broker's office manager arranged a new contract by which the purchasers assumed an existing first deed of trust and the owners took a second deed of trust for part of the purchase price. This contract was completed and the broker received a commission, but refused to pay the agent any part of it.

The agent's right to recover depends upon no legal question but upon the employment agreement she had with the broker. With respect to the agent's right to one-half the listing commission there appears to be no real dispute. The controversy is over her right to a "selling" commission. Both the agent and the broker testified that the arrangement of the office was that an agent who obtained a listing was entitled to a listing commission although the property was sold by some other agent of the office, and that if the agent who listed the property also sold the property he was entitled to a selling commission. Thus the real question here was whether the property was sold by the agent within the meaning of

that term as used by the parties in their agreement. This was a question of fact for the trial court. The broker apparently argues that for the agent to have sold the property she must have been the procuring cause of the sale. Even if we adopt this interpretation, we are not able to say that under the circumstances here the trial court could not have found that, so far as the broker was concerned, the agent was the procuring cause of the sale. We find no error.

Affirmed.